IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. ______________________

THE AMERICAN LEGION, and
AMERICAN LEGION AUXILIARY,

Plaintiffs,

vs.

COLORADO COLUMBINE GIRLS STATE, INC.

Defendant.

---

**COMPLAINT**

---

## **INTRODUCTION**

1. Plaintiffs The American Legion ("The American Legion") and American Legion Auxiliary ("ALA") file this Complaint against Colorado Columbine Girls State, Inc. ("Colorado Columbine Girls State" or "Defendant") to enforce The American Legion's exclusive right to its names and marks, including "American Legion Auxiliary," "American Legion Auxiliary Girls State," "Girls State," "American Legion Auxiliary Girls Nation," "Girls Nation," "American Legion Auxiliary Boys State," "Boys State," "American Legion Auxiliary Boys Nation," "Boys Nation," and the American Legion Auxiliary emblem ("The American Legion Auxiliary Marks"). Plaintiffs seek an injunction prohibiting Defendant from using the name and mark "Colorado Columbine Girls State," "American Legion Auxiliary Colorado Columbine Girls State," The American Legion Auxiliary Marks, and any confusingly similar names or marks.

Plaintiffs further seek damages and its reasonable attorneys' fees in connection with this litigation.

## JURISDICTION AND VENUE

2.  This action arises under the Lanham Act, 15 U.S.C. §§ 1051 *et seq.*, and the Federal Charter creating The American Legion, 36 U.S.C. §§ 21701 *et seq.*

3.  This Court has jurisdiction over the subject matter pursuant to 15 U.S.C. § 1121 (action arising under the Lanham Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 1338(a) (any Act of Congress relating to trademarks); and 28 U.S.C. 1338(b) (original jurisdiction over substantial state-law claims of unfair competition related to federal trademark claims); the Court also has supplemental jurisdiction over state-law claims pursuant to 28 U.S.C. § 1367.

4.  This Court has personal jurisdiction over Defendant because it resides in and is incorporated in this District.

5.  Venue is proper in this District under 28 U.S.C. §1391(b)(1) and (2) because Defendant resides in this District and a substantial part of the events giving rise to the claims Plaintiffs assert occurred in this District.

## THE PARTIES

6.  The American Legion is a federally chartered corporation with perpetual existence, created by an Act of Congress. The American Legion maintains its headquarters at 700 N. Pennsylvania Street, Indianapolis, Indiana 46206. The American Legion is a nationwide wartime veterans' organization dedicated to promoting the interests of patriotism, community service, American veterans, peace and goodwill, justice, freedom, democracy, and mutual helpfulness. It carries out its activities across the United States, including in this judicial district.

7. American Legion Auxiliary is the world's largest women's patriotic service organization dedicated to supporting service members, veterans and their families. The ALA maintains its headquarters at 8945 N. Meridian Street, Suite 200, Indianapolis, Indiana 46260. The ALA administers hundreds of volunteer programs, gives tens of thousands of hours to its communities and to veterans, and raises millions of dollars to support its own programs, as well as other worthwhile charities familiar to Americans

8. Plaintiffs believe, and therefore allege, that Colorado Columbine Girls State, Inc. is a corporation organized and existing under the laws of Colorado, with its principal place of business at 7465 E 1st Ave, Denver, Colorado 80230.

## GENERAL ALLEGATIONS

### The American Legion

9. The American Legion is an organization of veterans of the United States armed forces who served in wartime. Veterans returning from Europe after World War I founded it. On September 16, 1919, Congress established The American Legion as a corporation.

10. The ALA is the world's largest women's patriotic service organization dedicated to supporting service members, veterans and their families.

11. The American Legion Auxiliary, Department of Colorado oversees the American Legion Auxiliary's activities in the State of Colorado.

12. The American Legion Auxiliary Girls State is a program for young women sponsored by The American Legion and the ALA that seeks to develop leadership skills, patriotism and an understanding of and a desire to maintain the democratic governmental process. Young women who have demonstrated leadership qualities and who have completed their junior year of high school are selected as Girls State delegates by American Legion

3

Auxiliary Units. As part of this educational youth program, Girls State delegates participate in immersive learning programs and assume the roles of elected officials in mock governments.

13.   The American Legion Auxiliary Girls Nation is a program for young women sponsored by The American Legion and the ALA that seeks to develop leadership skills, patriotism and an understanding of and a desire to maintain the democratic governmental process. Each year, two delegates from each American Legion Auxiliary Girls State participate as "senators" in the American Legion Auxiliary Girls Nation program held in Washington, D.C. As part of the American Legion Auxiliary Girls Nation program, these "senators" engage in leadership and civic activities designed to develop leadership skills, patriotism and an understanding of and a desire to maintain the democratic governmental process and American traditions.

14.   In addition to the common-law intellectual property rights that The American Legion acquired by virtue of its longstanding use of The American Legion Auxiliary Marks, The American Legion enjoys rights flowing directly from its Congressional charter, from a specific federal statute protecting its name and emblems, and from its federal trademark registrations with the United States Patent & Trademark Office.

15.   Pursuant to 36 U.S.C. § 21705 The American Legion "and its State and local subdivisions have the exclusive right to use the name 'The American Legion' or 'American Legion.' The corporation has the exclusive right to use, manufacture, and control the right to manufacture, emblems and badges the corporation adopts." 36 U.S.C. § 21705. One such emblem is The American Legion's "The American Legion Auxiliary" emblem:



16. The American Legion owns several U.S. trademark registrations, including the following registrations for The American Legion and The American Legion Auxiliary Marks:

| Mark | Reg. No. | Reg. Date | Goods & Services |
|---|---|---|---|
| THE AMERICAN LEGION | 2,340,046 | 4/11/2000 | Association services, namely, promoting the interests of patriotism, community service, American veterans, peace and goodwill, justice, freedom, democracy and mutual helpfulness<br><br>Indicating membership in an organization of veterans of active duty wartime United States or Allied (if a citizen) military or naval service |
| AMERICAN LEGION US & Design | 1,685,652 | 5/5/1992 | Association services, namely, promoting the interests of patriotism, community service, American veterans, peace and goodwill, justice, freedom, democracy and mutual helpfulness<br><br>Indicating membership in an organization of veterans of active duty wartime United States or Allied (if a citizen) military or naval service |
| AMERICAN LEGION AUXILIARY | 1,683,334 | 4/14/1992 | Association services, namely, promoting the interests of patriotism, community service, |

5

| Mark | Reg. No. | Reg. Date | Goods & Services |
|---|---|---|---|
| | | | American veterans, peace and goodwill, justice, freedom, democracy and mutual helpfulness<br><br>Indicating membership in an organization of women who are veterans eligible for membership in the American Legion or are related to veterans who are members of the American Legion or who are deceased |
| AMERICAN LEGION AUXILIARY & Design | 1,685,653 | 5/5/1992 | Association services, namely, promoting the interests of patriotism, community service, American veterans, peace and goodwill, justice, freedom, democracy and mutual helpfulness.<br><br>Indicating membership in an organization of women who are veterans eligible for membership in the American Legion or are related to veterans who are members of the American Legion or who are deceased |
| GIRLS NATION AMERICA LEGION AUXILIARY & Design | 4,185,764 | 5/7/2012 | Educational services, namely, conducting classes, seminars, workshops and mock classroom lessons in the nature of exercises in the field of government, citizenship, democracy, patriotism, leadership skills, public speaking, politics, and the legal system to foster better understanding of American traditions and government and develop an appreciation of the United States |

6

| **Mark** | **Reg. No.** | **Reg. Date** | **Goods & Services** |
| --- | --- | --- | --- |
| GIRLS NATION | 3,928,146 | 3/8/2011 | Educational services, namely, conducting classes, seminars, workshops and mock classroom lessons in the nature of exercises in the field of government, citizenship, democracy, patriotism, leadership skills, public speaking, politics, and the legal system to foster better understanding of American traditions and government and develop an appreciation of the United States |
| GIRLS STATE | 3,928,145 | 3/8/2011 | Educational services, namely, conducting classes, seminars, workshops and mock classroom lessons in the nature of exercises in the field of government, citizenship, democracy, patriotism, leadership skills, public speaking, politics, and the legal system to foster better understanding of American traditions and government and develop an appreciation of the United States |
| GIRLS STATE | 4,195,138 | 8/21/2012 | Computer storage devices, namely, blank flash drives<br><br>Bumper stickers, stickers, printed certificates, pens, stationery, envelopes<br><br>Tote bags<br><br>Nonmetal key rings, nonmetal key chains, nonmetal key fobs, nonmetal key clips in the nature of nonmetal key holders and nonmetal key |

| Mark | Reg. No. | Reg. Date | Goods & Services |
|---|---|---|---|
| | | | rings |
| | | | Plastic water bottles sold empty, aluminum water bottles sold empty |
| | | | Sweatshirts, t-shirts, long sleeve shirts, shorts, pajama pants, yoga pants, sweat pants, hats, jackets |
| | | | Ornamental cloth patches |

17. Through its extensive use, The American Legion also owns common law trade name and trademark rights in The American Legion's family of Legion formative names, marks and emblems and The American Legion Auxiliary Marks for all of goods, services and activities associated with these names, marks and emblems.

18. The American Legion Auxiliary Marks assure members and the public at large that the programs and services sponsored in conjunction with the marks meet the high standards and values for which Plaintiffs are known and for which they were established, as the marks signify the important principles upon which the organizations were founded.

19. As a result of long-standing and consistent use, and through extensive media coverage, The American Legion Auxiliary Marks have gained widespread and favorable recognition throughout the United States. The goodwill represented by The American Legion Auxiliary Marks is a valuable and important asset of The American Legion because it embodies the organization's reputation for service, a reputation earned by those who have served under the name and emblem for more than 90 years, and by The American Legion's and the ALA's service to the nation and to those who have served it.

20. Because of Plaintiffs' nationwide promotion and provision of services under The American Legion Auxiliary Marks, and the nationwide publicity and media attention related to the services offered under The American Legion Auxiliary Marks, those marks have become widely recognized, distinctive, and famous throughout the United States, and were distinctive and famous before Defendant's use of The American Legion Auxiliary Marks at issue in this Complaint.

21. Because every use of The American Legion Auxiliary Marks symbolizes the integrity and principles of the organizations they represent, and helps to identify and distinguish Plaintiffs programs and services from those of other service organizations, Plaintiffs exert strict control over the use of The American Legion Auxiliary Marks.

**Colorado Columbine Girls State**

22. Plaintiffs believe, and therefore allege, that the founders of Colorado Columbine Girls State are current or former members of the ALA and its Girls State program.

23. Plaintiffs believe, and therefore allege, that Colorado Columbine Girls State is a corporation offering education and youth-oriented goods and services, including goods and services to high school students, such as resources and scholarships to students seeking to participate in American Legion Auxiliary's Girls State and Girls Nation programs.

24. Defendant's constitution and bylaws highlight that it provides identical or similar services to the ALA and Girls State Programs. Specifically, Defendant's constitution and bylaws state that it seeks to "provide[s] citizenship training for Colorado girls who are in their junior year of high school and to educate these girls on the duties, privileges, rights, and responsibilities of American citizenship."

25. Colorado Columbine Girls State was a licensee of The American Legion Auxiliary Marks and as a licensee was required to abide by the regulations, requirements and procedures governing the use of The American Legion Auxiliary Marks.

26. Despite Plaintiffs', the American Legion Auxiliary, Department of Colorado's and The American Legion, Department of Colorado's repeated requests and demands, Colorado Columbine Girls State has failed to comply with Plaintiffs' regulations, requirements and procedures governing the use of The American Legion Auxiliary Marks.  First, Defendant has failed to allow the American Legion Auxiliary, Department of Colorado ("the Department") to appoint and confirm all of Defendant's officers, directors and trustees.  Second, Defendant has failed to provide monthly reports, including financial reports, to the Department.  Third, Defendant has refused to allow the Department's Treasurer or Finance Officer to have access to or be a signatory on all of Defendant's bank accounts.  Fourth, Defendant has not sought and obtained approval from the Department for all amendments to its articles of incorporation or bylaws.  Fifth, Defendant has failed to include "American Legion Auxiliary" as part of its name in its articles of incorporation.  Sixth and finally, Defendant has allowed non-eligible members to serve on its Board of Directors.

27. Due to Defendant's non-compliance with Plaintiffs' regulations, requirements and procedures governing the use of The American Legion Auxiliary Marks, The American Legion terminated Plaintiff's permission and authorization to use The American Legion Auxiliary Marks in the advertising, promotion, sale, or provision of Colorado Columbine Girls State's goods and services.

28. Plaintiffs believe, and therefore allege, that after The American Legion terminated its permission and authorization to use The American Legion Auxiliary Marks, Defendant

continued to use The American Legion Auxiliary Marks in the advertising, promotion and sale of Colorado Columbine Girls State's goods and services described in this Complaint.

29.     Defendant's unauthorized use of The American Legion Auxiliary Marks in connection with the advertising, promotion and sale of Colorado Columbine Girls State's goods and services is likely to cause confusion, mistake or deception and create the erroneous impression that Plaintiffs and their programs or services are affiliated, connected, or associated with Defendant.

30.     Defendant's unauthorized use of The American Legion Auxiliary Marks has caused or is likely to cause dilution by blurring or dilution by tarnishment of the famous and distinctive The American Legion Auxiliary Marks.  Defendant's unauthorized use of The American Legion Auxiliary's Marks, which were intentional and without Plaintiffs' permission, began after The American Legion Auxiliary Marks had become famous and distinctive. Defendant has damaged Plaintiffs and their consumers by its misconduct.

31.     Defendant's unauthorized use of The American Legion Auxiliary Marks deprives The American Legion of the ability to control and maintain the high quality of goods and services under The American Legion Auxiliary Marks.  Given Plaintiffs' extensive involvement in offering education and youth-oriented goods and services, promoting leadership, patriotism, an understanding of the democratic governmental process, American traditions, and its sponsorship of programs such as Girls State and Girls Nation, Defendant's unauthorized use of The American Legion Auxiliary Marks has caused and will continue to cause a likelihood of confusion among the public by causing individuals to attribute incorrectly the quality and content of Defendant's offerings to Plaintiffs.  Such confusion damages Plaintiffs' relationship with their current and prospective members, their approved vendors, and the public at large.  Such

confusion also places Plaintiffs' valuable reputation in the hands of a third party that is no longer authorized to use The American Legion's name, marks or emblems.

33. Defendant's unauthorized use of The American Legion Auxiliary Marks has caused and is continuing to cause irreparable injury to Plaintiffs and their reputation and goodwill, and unless enjoined will cause further irreparable injury for which Plaintiffs have no adequate remedy at law.

33. Defendant has designed its actions to trade on the consumer goodwill and widespread recognition enjoyed by Plaintiffs.  Because Defendant undertook its unauthorized use of The American Legion Auxiliary Marks as a former licensee with full knowledge of The American Legion's trademarks, ownership rights, and objection to Defendant's use, Defendant's unauthorized use and infringement of The American Legion Auxiliary Marks is willful and intentional.

34. Plaintiffs seek damages and injunctive relief preventing Defendant from using The American Legion Auxiliary Marks without authorization.

### FIRST CLAIM FOR RELIEF
**(Violation of 36 U.S.C. § 21705)**

35. Plaintiffs incorporate all paragraphs above by reference.

36. Before engaging in its infringements, Defendant had actual knowledge of The American Legion's ownership of and exclusive right to use The American Legion Auxiliary Marks.  Despite Plaintiffs' demands that it cease and desist from the unauthorized use, Defendant continues to use an emblem confusingly similar to the American Legion Auxiliary emblem without authorization in violation of 36 U.S.C. § 21705.

## SECOND CLAIM FOR RELIEF
### (Trademark Infringement – Federal Law)

37. Plaintiffs incorporate all paragraphs above by reference.

38. Defendant's acts constitute trademark infringement of The American Legion Auxiliary Marks in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

39. Defendant is a former licensee and, having failed to comply with the terms of the license, is no longer authorized to use The American Legion Auxiliary Marks.

40. Defendant's unauthorized use of The American Legion Auxiliary Marks is likely to cause confusion, mistake or deception and create the erroneous impression that Plaintiffs and their programs or services are affiliated, connected, or associated with Defendant.

41. As a result of Defendant's wrongful conduct, The American Legion has suffered impairment of the value of The American Legion Auxiliary Marks.

42. Given that Defendant is a former licensee, Defendant's actions in violation of The American Legion's trademark rights have been deliberate, willful, and in disregard of The American Legion's rights.

43. Plaintiffs have no adequate remedy at law for Defendant's continuing violation of their rights.

44. Plaintiffs have suffered irreparable harm and damage by Defendant's wrongful acts, and that damage will continue unless the Court enjoins Defendant's actions.

45. As a consequence of Defendant's actions, Plaintiffs are entitled to the relief set forth below.

## THIRD CLAIM FOR RELIEF
### (Unfair Competition – Federal Law)

46. Plaintiffs incorporate all paragraphs above by reference.

47. Defendant's acts constitute unfair competition in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

48. Defendant's unauthorized use of The American Legion Auxiliary Marks is likely to cause confusion, mistake or deception and create the erroneous impression that Plaintiffs and their programs or services are affiliated, connected, or associated with Defendant.

49. Plaintiffs have suffered irreparable harm and damage by Defendant's wrongful acts, and that damage will continue unless the Court enjoins Defendant's actions.

50. As a consequence of Defendant's actions, Plaintiffs are entitled to the relief set forth below.

## FOURTH CLAIM FOR RELIEF
### (Trademark Dilution - Federal Law)

51. Plaintiffs incorporate all paragraphs above by reference.

52. Defendant, through the conduct described above, used a mark in commerce that has caused or is likely to cause dilution by blurring and/or dilution by tarnishment of the famous and distinctive The American Legion Auxiliary Marks in violation of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53. As a consequence of Defendant's actions, Plaintiffs are entitled to relief as set forth below.

## FIFTH CLAIM FOR RELIEF
### (Deceptive and Unfair Trade Practices in Violation of Colo. Rev. Stat. §§ 6-1-101 – 6-1-115)

54. Plaintiffs incorporate all paragraphs above by reference.

55. Defendant, through the conduct described above, has engaged in deceptive and unfair trade practices in violation of Colo. Rev. Stat. § 6-1-105(a), (b) and (c).

56. Defendant's unauthorized use of The American Legion Auxiliary Marks in connection with offering education and youth-oriented goods and services in an unlawful, unfair and fraudulent manner so as to create a likelihood of confusion among the general public and prospective consumers as to the source, sponsorship, approval or certification of Defendant's goods and services.

57. Members of the general public and prospective consumers of Plaintiffs' and Defendant's goods and services are likely to believe that there is some relationship between Plaintiffs and Defendant, which does not exist.

58. Given that Defendant is a former licensee, Defendant has actual knowledge of The American Legion's ownership of and exclusive right to control the use of The American Legion Auxiliary Marks. Defendant's fraudulent trade practices were therefore undertaken willfully and with the intention of causing confusion, mistake, or deception.

59. Plaintiffs have suffered irreparable harm and damage by Defendant's wrongful acts, and that damage will continue unless the Court enjoins Defendant's actions.

60. As a consequence of Defendant's actions, Plaintiffs are entitled to relief as set forth below.

### SIXTH CLAIM FOR RELIEF
**(Trademark Infringement – Colorado Common Law)**

61. Plaintiffs incorporate all paragraphs above by reference.

62. Defendant, through the conduct described above, has used a colorable imitation of The American Legion Auxiliary Marks, without authorization, thereby infringing The American Legion's rights.

63. Defendant's unauthorized use is likely to cause confusion among consumers within this judicial district as to the affiliation, connection, or association of Defendant and its goods and services with Plaintiffs and their goods and services.

64. Plaintiffs have suffered irreparable harm and damage by Defendant's wrongful acts, and that damage will continue unless the Court enjoins Defendant's actions.

65. As a consequence of Defendant's actions, Plaintiffs are entitled to relief as set forth below.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury on all claims and issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, The American Legion and the ALA pray for judgment against Columbine Colorado Girls State in favor of The American Legion and the ALA as follows:

(1) An injunction providing that Defendant; all of its officers, agents, servants, employees, and attorneys; their successors and assigns; and all persons acting in active concert or participation with them who receive actual notice of the Order of this Court, and each of them, be enjoined and restrained, permanently, from using The American Legion Auxiliary Marks, or any mark that is confusingly similar to or a colorable imitation of The American Legion Auxiliary Marks, including all marks identified by this Complaint, on any website, in their advertising or promotional materials, in connection with the sale of their goods or services, or in any other fashion, without the express written permission of The American Legion.

(2) A judgment ordering Defendant and/or the domain name registrar to transfer any domain name using The American Legion Auxiliary Marks, or any mark that is confusingly

similar to or a colorable imitation of The American Legion Auxiliary Marks, including all marks identified by this Complaint, to The American Legion.

(3) A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver up for destruction, or to show proof of said destruction or sufficient modification to eliminate the infringing matter, all articles, packages, wrappers, products, displays, labels, signs, vehicle displays or signs, circulars, kits, packaging, promotional items, clothing, patches, literature, sales aids, receptacles or other matter in the possession, custody, or under the control of Defendant or its agents which infringe, dilute or otherwise violate The American Legion's rights in The American Legion Auxiliary Marks, or any mark that is confusingly similar to or a colorable imitation of The American Legion Auxiliary Marks, including all marks identified by this Complaint;

(4) A judgment ordering the return to The American Legion all monies or assets raised by the Defendant in the name of or on behalf of The American Legion or the ALA.

(5) A judgment in the amount of The American Legion's and the ALA's actual damages, Defendant's profits, costs of suit and pre-judgment interest;

(6) An award of attorneys' fees and costs in this exceptional case, as provided for by law and committed to the discretion of this Court;

(7) Pursuant to Fed.R.Civ.P. 38(d), The American Legion and the ALA demand a trial by jury on any issue triable as of right by a jury; and

(8) Such other, further, or different relief as this Court deems just and proper.

Dated: June 19, 2013  Respectfully Submitted,

/s/ Timothy P. Getzoff
Timothy P. Getzoff
Holland & Hart LLP
One Boulder Plaza
1800 Broadway, Suite 300
Boulder, CO 80302
Telephone: (303) 473-2700
tgetzoff@hollandhart.com

Andrew P. Bridges
Jedediah Wakefield
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300
abridges@fenwick.com
jwakefield@fenwick.com

Eric Ball
Ronnie Solomon
Fenwick & West LLP
801 California Street
Mountain View, CA 94041
Telephone: (650) 988-8500
eball@fenwick.com
rsolomon@fenwick.com

**Attorneys for Plaintiffs The American Legion and American Legion Auxiliary**

Address of Plaintiffs:

The American Legion
700 N. Pennsylvania Street
Indianapolis, Indiana 46206

American Legion Auxiliary
8945 N. Meridian Street, Suite 200
Indianapolis, Indiana 46260

6258694_2